IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

    vs.                    **Case No. 05-40049-01-RDR**

MELVIN ANTOINE RAY,

           Defendant.

---

**MEMORANDUM AND ORDER**

On February 23, 2006 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court at the sentencing hearing.

The defendant entered a guilty plea to distribution of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). The facts underlying the conviction show that the defendant sold 5.44 grams of cocaine base to a confidential informant who was working for the Topeka Police Department. The presentence report contains no other relevant conduct, as this was the only sale or distribution where the defendant was involved.

Following the preparation of the presentence report, neither side raised any objections. The court initially conducted a sentencing hearing on February 10, 2006. Prior to the hearing, the defendant submitted a sentencing memorandum. He objected to the calculation of his base offense level based upon the amount of cocaine base rather than powder cocaine. The defendant contended

that the 100:1 quantity ratio between powder cocaine and cocaine base embodied in the sentencing guidelines results in a substantial unwarranted disparity in sentences. The defendant pointed to conclusions and recommendations from the United States Sentencing Commission for reducing this disparity and to post-<u>Booker</u> decisions which have considered this disparity in tailoring a sentence under 18 U.S.C. § 3553(a).

At the initial sentencing hearing, the court rejected the defendant's argument concerning the unwarranted disparity between powder cocaine and cocaine base embodied in the guidelines. The court indicated that it would therefore sentence the defendant in accordance with the applicable guidelines and guideline range. The defendant asked the court for reconsideration of this decision. The court was asked to consider several individual characteristics of this case and the defendant. The court agreed to reconsider its sentence based upon the defendant's arguments concerning the individual circumstances of this case. The court scheduled another sentencing hearing for February 23, 2006. After the first hearing, the defendant filed a supplemental memorandum on the relevant individual characteristics of this case.

The court shall briefly discuss the disparity issue one more time. The court would note that the disparity between powder cocaine and cocaine base is indeed troubling. The court dislikes supporting the extreme disparity, but must once again indicate that

2

this is an issue for Congress to resolve, not the court.  In this regard, the court points to the very persuasive opinion recently issued by the First Circuit, <u>United States v. Pho</u>, 433 F.3d 53, 64 (1st Cir. 2006) ("district court erred as a matter of law when it constructed a new sentencing range based on the categorical substitution of a 20:1 crack-to-powder ration for the 100:1 ratio embedded in the sentencing guidelines"); <u>see also United States v. Doe</u>, ___ F.Supp.2d ___, 2006 WL 177396 at * 6 (D.D.C. 2006) ("Judges are not authorized by <u>Booker</u>--or any other legal authority, for that matter--to substitute their own ideas about sound penological policy for the policy chosen by Congress, whether it be Congress's choice to punish crack offenders more severely than powder-cocaine offenders or Congress's broader policy of treating drug weight as a measure of (or a proxy for) culpability.").  Accordingly, the court must continue to abide by its previous ruling on this matter.

In turning to the particular circumstances of this case, the court is persuaded that some reduction of the defendant's sentence is in order.  In reaching this conclusion, the court has focused on the unusual nature of this case.  Specifically, the court has seldom, if ever, had a case involving a defendant who participated in only one sale involving such a small amount.  Such matters seldom find their way to federal court.  The court has been advised that this crime would probably have merited only probation if it

had been prosecuted in the state system.  Thus, the court believes that a guidelines sentence under these circumstances fails to provide a reasonable sentence.  When these circumstances are considered, coupled with the fact that the defendant has never had a conviction for distribution of drugs and is now 35 years old, the court believes that a sentence of 40 months is appropriate here.

The court believes this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation and protection of the public.  Further, the court believes this is a fair and reasonable sentence, and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2006 at Topeka, Kansas.


s/Richard D. Rogers
United States District Judge

4